Filed 1/21/26  P. v. Castro CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340760 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA122494) |
| v. | |
| JOSE MEZA CASTRO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Gabrielle D. Trujillo, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

A jury found Jose Meza Castro guilty of assault with a deadly weapon. The trial court imposed a sentence of six years in state prison. Meza Castro appealed. Meza Castro's appellate counsel has asked us to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

One evening in September 2023, Alberto Perez was reclining on a couch in the open garage of the apartment building where he lived. Meza Castro approached Perez and hit him on the head. The two men began cursing and punching each other.

Meza Castro's mother and sister tried to intervene and break up the fight. Perez's aunt also attempted to separate the two men. Perez shrugged his aunt off, but eventually the two men were separated. Perez remained outside. Meza Castro went inside the building.

Less than one minute later, Meza Castro went back outside. He was carrying something that appeared to be metal. The fight resumed. Perez fell and the two men ended up struggling on the ground. Meza Castro stabbed Perez. Perez sustained three stab wounds to his abdominal area.

Meza Castro left the apartment building on foot. Police officers later found him walking on the street. His shirt was stained with what appeared to be blood. Officers found a knife handle in his pants pocket. The knife blade was broken off and was not recovered.

In December 2023, the People charged Meza Castro by information with one count of assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1]

---

[1]     Undesignated statutory references are to the Penal Code.

2

In September 2023, and again in February 2024, defense counsel declared a doubt as to whether Meza Castro was competent to stand trial. Each time, the trial court suspended the criminal proceedings and ordered Meza Castro to be examined pursuant to Evidence Code section 730 and section 1368. In both instances, the trial court found Meza Castro competent to stand trial and reinstated criminal proceedings.

A jury found Meza Castro guilty of assault with a deadly weapon. Meza Castro waived his right to a jury or court trial on a prior conviction allegation. He admitted suffering one prior strike. The trial court denied Meza Castro's motion to dismiss the strike and imposed a mid-term sentence of three years, doubled pursuant to the strike, for a total of six years in prison.

Meza Castro timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. We directed appellate counsel to send Meza Castro the record and a copy of the opening brief. We also advised that within 30 days of the date of the notice, Meza Castro could submit a supplemental brief or letter stating any ground for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel submitted a declaration stating that counsel had informed Meza Castro of his right to file a supplemental brief and had sent him the appellate record. Meza Castro did not file a supplemental brief.

We have independently examined the record on appeal and are satisfied that no arguable issues exist, and Meza Castro's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende*, *supra*,

25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.